Argued October 6, 1949.
John Esayian, appellee, instituted this action to recover money paid under an agreement of sale with Baltimore Markets, Inc., appellant. The case was tried before a judge without a jury and judgment was entered in favor of appellee in the amount of $1,646.25. Motion for judgment n. o. v. was dismissed and this appeal followed.
Appellee, on September 22, 1947, entered into a written agreement with the appellant corporation whereby appellant agreed to sell and appellee to buy, for the consideration of $7,650.00, the equipment, fixtures and good *Page 402 
will of a grocery store owned and operated by appellant at 3530-32 North 17th Street, Philadelphia. Appellant leased the premises from Nathan Rothman, owner. The agreement of sale provided for a deposit of $1,500.00, which appellee paid, and for the payment of the balance of $6,150.00 on the signing of a five year lease, to be dated October 15, 1947. In the event that Baltimore Markets, Inc., was unable to secure such lease from Rothman the deposit was to be returned "on or before October 1," (sic 15) 1947. Appellant procured the lease from Nathan Rothman and then notified appellee that it was ready to complete the sale on October 15, 1947. On October 14, 1947, Esayian notified appellant that he refused further payment because of an equity suit brought against him, Esayian, as a co-defendant with Nathan Rothman, the landlord, by Joseph Snitzer and Joseph Weiss, questioning the validity of the lease between Esayian and Rothman as procured by appellant. Appellee advised appellant that he believed a prior agreement existed between Rothman and Snitzer and Weiss, by the terms of which Rothman agreed not to lease the premises for use as a food market for a period of five years after the lease with Baltimore Markets, Inc., terminated. Believing the proffered lease to be in violation of the agreement between Rothman, Snitzer and Weiss, the appellee, by letter, repudiated the agreement of sale with appellant. He justifies his repudiation on the ground the lease which was obtained by appellant did not entitle him to quiet and peaceful possession and subjected him to litigation. Appellee's demand for return of his down money was refused, whereupon this suit was instituted.
The question is whether appellee-purchaser had a good and sufficient reason for rescission and repudiation of the agreement of sale or whether he is in default in not consummating the agreement. We conclude he was justified in repudiating the agreement of sale. The judgment will therefore be affirmed. *Page 403 
It was impliedly understood, there being no provision in the agreement of sale to the contrary, that appellee would receive a good and marketable lease. A lease is not marketable if it exposes the party holding it to litigation. The equitable claim of Snitzer and Weiss raised a reasonable and serious doubt of the right of Rothman, the owner, to lease the premises to the appellee for the use intended by him. ". . . . (The) plaintiff had the right to demand and receive a marketable title. . . . He was under no obligation to take a title which, even if it might be finally determined to be good, was in a condition to involve him in litigation to establish or secure it: Swayne v. Lyon, 67 Pa. 436; Kostenbader v. Spotts, 80 Pa. 430": Srolovitzv. Margulis, 35 Pa. Super. 252, 253. It would be manifestly unreasonable and unjust to compel appellee to pay the entire consideration, expend sums of money in establishing a business and then to defend against litigation which, if successful, would result in the cancellation of his lease and the loss of his business. "It has been well and wisely settled that under a contract for the sale of real estate, the vendee has the right not merely to have conveyed to him a good but an indubitable title. Only such a title is deemed marketable; for otherwise the purchaser may be buying a lawsuit, which will be a very serious loss to him both of time and money, even if he ultimately succeeds. Hence it has been often held that a title is not marketable where it exposes the party holding it to litigation": Swayne v. Lyon, 67 Pa. 436, 439. Appellee was justified in repudiating the agreement and is entitled to the return of his deposit money.
Judgment affirmed.