Opinion by
 

 Hiet, J.,
 

 In October 1939 claimant sustained serious injuries to both legs from accident in the course of his employment with the defendant. An open agreement was then entered into providing compensation for total disability. On December 7, 1945 the defendant petitioned for termination of the agreement alleging that claimant is no longer disabled, in the sense contemplated by the Workmen’s Compensation Law. In this proceeding the Board affirmed the Referee’s findings of fact, conclusions of law, and the order dismissing the petition; on appeal, the lower court entered judgment against the defendant on the compensation agreement.
 

 Claimant’s physical condition has further deteriorated especially during the past two years. His injuries are permanent; they are disabling and there is no hope for improvement. He still has two running sinuses in the injured members which require dressing. He must use crutches at all times to get about and is obliged to lie down for frequent rest periods during each day. Conceding all this, the appellants contend that claimant conducts a retail grocery and meat business at a profit and they seek a termination of the agreement on that ground.
 

 Since the defendant sought to change the status created by the compensation agreement, the burden was' on it to show that claimant no longer suffers loss of earning power.
 
 Brown v. Union Collierics Co.,
 
 153 Pa. Superior Ct. 293, 33 A. 2d 786. In May 1944 claimant bought a grocery store on borrowed capital. Since then the business has been operated by his Avife, and his four children. None of them has received wages except the oldest daughter and she has been paid $20 per Aveek for her sendees but only since August 1946; more recently there
 
 *333
 
 are two paid employees. Claimant, nominally at least, is the manager of the business as well as the OAvner, but it is a family affair. lie is able to do little work. At times he waits on trade when it can be done Avhile sitting behind the counter. He does some meat cutting to assist his wife and daughters and he helps with the bookkeeping. On occasion he drives an automobile to wholesalers for stock Avhich, hoAvever, must be loaded as well as unloaded by others. What the claimant does in connection Avith the business consumes about one hour each day. These facts, reflected in the findings as affirmed by the Board, are not disputed.
 

 The business shoAved a profit of about $150 per month during 1945. For the year 1946 the net income of the business Avas $3,134.41. But the finding to this effect Avas qualified thus, on ample testimony: “This amount, hoAvever, represents the combined earnings of the claimant, his Avife, and four daughters; and it can be said also that in this figure is an amount that should constitute a fair return on the capital investment in the business. What that amount is or should be, the record fails to disclose. Nor does the record break doAvn the 1946 figure so as to sIioav Avhat the claimant’s share of the earnings might be”. The general rule is that profits derived from a business are not to be considered as earnings and cannot be accepted as a measure of loss of earning poAver unless they are almost entirely the direct result of personal management and endeavor.
 
 Offensend v. Atlantic Ref. Co.,
 
 322 Pa. 399, 185 A. 745; Cf.
 
 Apfelbaum et ux. v. Markley,
 
 134 Pa. Superior Ct. 392, 3 A. 2d 975. The testimony in this case does not even tend to establish that the profits of the business are the result of claimant’s management or his efforts and there is no other evidence of his ability to earn an income.
 

 Earley v. Phila.
 
 &
 
 Reading C. & I. Co.,
 
 144 Pa. Superior Ct. 301, 19 A. 2d 615, on Avhich appellants strongly rely has little application. As to it the Board aptly said :
 

 
 *334
 
 “In the Earley case, there was testimony to the effect that the claimant could do certain selective work, such as running an elevator, attending a gasoline filling station, filling the job of a watchman, flagman, or clerical work. Moreover, the testimony established the fact that the claimant was able to perform the duties of a justice of the peace and earned certain fees by reason of his ability to perform that type of work. In the case at bar, there was no testimony whatsoever that claimant can perform the duties necessary for the operation of a grocery store. On the contrary, the evidence shows that the store is operated by his family and two paid employees”.
 

 The defendant has not shown that the services which the present claimant renders in the grocery store have value and has wholly failed to sustain the burden of proof necessary to justify a modification of the agreement in this case.
 

 Judgment affirmed.