## Billet *v*. Keystone Roofing Manufacturing Company, et al.

Argued April 7, 1972, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Allen H. Smith,* for appellant.

*Robcrt O. Beers,* with him *Anderson, Ports, May & Beers,* for appellee, Keystone Roofing Manufacturing Company.

*Samuel C. Vary,* Assistant Attorney General, for appellee, Commonwealth of Pennsylvania.

OPINION BY JUDGE CRUMLISH, JR., June 15, 1972:

This appeal stems from a denial by the Workmen's Compensation Board of a claim for compensation benefits filed by Alfred E. Billet, now deceased.

Claimant had been employed at Keystone Roofing Manufacturing Company for nineteen years up until July 31, 1966. On August 8, 1967 he filed a claim petition under the Pennsylvania Occupational Disease Act[1] alleging that he had become totally disabled by asbestosis, which he alleged was an occupational hazard.[2]

After hearings, the referee disallowed compensation finding that asbestosis was not peculiar to the industry in which claimant was employed nor to claimant's occupation therein, and that claimant did not suffer from asbestosis but from emphysema.

The Board reviewed the record and, after altering the findings of fact somewhat, agreed with the conclusion of the referee and dismissed the appeal. On appeal, the Court of Common Pleas of York County affirmed the decision of the Board and dismissed the appeal. The matter is now before us.

In reviewing a decision by the Board that is adverse to the claimant, this Court must determine whether there has been a capricious disregard of evidence and

---

[1] Act of June 21, 1939, P. L. 566, No. 284, §101, as amended, 77 P.S. §§1201 et seq.

[2] Subsequent to the filing of the claim petition, another Fatal Petition was filed by his widow alleging that claimant had died of asbestosis. This petition is still pending.

whether the Board's findings of fact are consistent with each other and with its conclusions of law. *Frombach v. U.S. Steel Corp., et al.,* 2 Pa. Commonwealth Ct. 556, 279 A. 2d 779 (1971) ; *State Workmen's Insurance Fund v. Young,* 2 Pa. Commonwealth Ct. 423, 276 A. 2d 552 (1971).

We are of the opinion that the claimant here has not met the burden of proving that he was employed in an occupation or industry in which asbestosis was a hazard or that he even died of asbestosis. For that reason, the opinion of the lower court must be affirmed. We realize that the occupational disease law is to be liberally construed but we also realize that we may not disregard its plain statutory meaning and language. *Herman v. Kandrat Coal Co.,* 205 Pa. Superior Ct. 117, 208 A. 2d 51 (1965) ; *Porter v. Sterling Supply Co.,* 203 Pa. Superior Ct. 138, 199 A. 2d 525 (1964).

As recognized by the lower court, the claimant could have established an asbestosis hazard either by showing that the *industry or occupation* in which he was employed was one in which asbestosis was a hazard, or by showing that the *defendant's plant* was a hazard. If claimant had met this burden, the presumption of Section 301(f) of the Act would have surfaced. It provides: "If it be shown that the employe, at or immediately before the date of disability, was employed in any occupation or industry in which the occupational disease is a hazard, it shall be presumed that the employe's occupational disease arose out of and in the course of his employment, but this presumption shall not be conclusive." The claimant never proved that the decedent was employed in an "occupation or industry in which the occupational disease is a hazard," and consequently the presumption never arose.

The defendant in this case produced asbestos pipe, felt and slate roofing, shingles, felt and waterproof pa-

per. This was not enough to prove that asbestosis is a hazard in that industry or occupation.

There was testimony that the decedent performed maintenance work and repaired machinery and was in the vicinity of the machines where those products were being manufactured "practically all the time." There was also testimony by other workers that the building was dusty.

The Board considered this evidence but it also considered evidence to the effect that the claimant only occasionally passed or repaired the asbestos machines; that none of the defendant's other employes contracted asbestosis; that claimant's authority, who opined that claimant worked in an asbestosis hazard, based this conclusion upon statements made to him by the claimant; that this authority never visited the plant; and finally that no tests were ever conducted in the plant to determine if asbestos fibers were present in the air. Under these circumstances, it was not a capricious disregard of evidence to conclude that defendant's plant was not in itself a hazard.

The Board's finding that claimant failed to meet the burden of proving disability due to asbestosis was likewise not a capricious disregard of evidence. On this point, conflicting testimony was produced. Two doctors testifying on behalf of the claimant stated that they thought claimant suffered from asbestosis. Defendant's expert testified that there was no evidence of asbestosis upon personal examination or in claimant's x-rays. Because of this conflict, an impartial expert was appointed who concluded on the basis of x-rays[3] that claimant did not suffer from asbestosis but from emphysema.

---

[3] The appointed expert was not able to make a personal examination because claimant had died.

In *Rondolone v. Dolente,* 3 Pa. Commonwealth Ct. 450, 283 A. 2d 511 (1971) the Board chose to not believe the testimony of the claimant's expert testimony and that decision was upheld on appeal by this Court. In *Chernetsky v. William Penn Stripping Co.,* 200 Pa. Superior Ct. 277, 281, 188 A. 2d 770 (1963) it was stated: "In a conflict of medical opinion, it is the province of the compensation authorities to decide which conclusion will be adopted . . . ." Once this decision has been made, this Court will not reverse its findings where there is competent evidence to sustain them. *Symons v. National Electric Products,* 414 Pa. 505, 200 A. 2d 871 (1964); *Stump v. Follmer Trucking Co.,* 4 Pa. Commonwealth Ct. 110, 286 A. 2d 1 (1972); *Fesh v. American Steel & Wire Division,* 4 Pa. Commonwealth Ct. 84, 286 A. 2d 10 (1972); *State Workmen's Insurance Fund v. Young,* 2 Pa. Commonwealth Ct. 423, 176 A. 2d 552 (1971).

Under these circumstances, there was at least doubt as to the cause of the disability and in any event the claimant had not met the burden of proving total disability due to asbestosis. The Board, in so finding, did not capriciously disregard competent evidence.

For the foregoing reasons, the lower court is affirmed.