## Connolly, et al. *v.* Campbell, et al.

Argued December 8, 1972, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Lowell A. Reed, Jr.,* with him *Rawle & Henderson,* for appellants.

*Thomas F. McDevitt,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 7, 1973:

This is an appeal from an order of the Workmen's Compensation Appeal Board which refused appellants' petition for termination of compensation.

In March of 1963, appellants and the claimant, a bartender, entered into agreement in compensation for total disability at the weekly rate of Forty-Seven Dollars and Fifty Cents ($47.50) after Campbell sustained a back injury while lifting a case of beer in October of 1962.

In June of 1967, appellants filed a petition to terminate the compensation agreement alleging that claimant's loss of earnings had ended in January of 1966.

At a hearing on May 19, 1971 counsel for appellants moved to amend the termination petition to have it alternatively considered as a petition to set aside the agreement under Section 413 of the Workmen's Compensation Act[1] contending that claimant had never in fact sustained an accidental injury in October of 1962.

At a hearing on June 6, 1971 counsel for appellants again moved to amend the original petition adding as an alternative count the contention that appellants were entitled to a suspension or partial modification of the compensation agreement because Campbell was able to work as a bartender and that this kind of work was available to him as of September 13, 1968.

Appellants' contention that claimant's disability has changed is based on (1) medical testimony that the disability has changed, and (2) the allegation claimant now earns as much as he did prior to 1962 because he now manages and enjoys the profits of that business.

Claimant was working as a bartender for Mary Connolly when the alleged injury occurred. In December of 1964, Connolly died and claimant bought and operated the business. In addition to the medical evidence presented, there was testimony adduced at the hearings which revealed that he was in the bar four hours daily six days a week. While he was there, he performed none of the tasks of a bartender nor did he wait on customers nor did he prepare any food. His time was spent conversing with the patrons. He did drive his car to a state liquor store weekly to replenish the liquor stock but he did not personally carry the purchases. He often checked the cash receipts but this was also done by his wife. Claimant arranged for repairs to be made to the bar and apartments overhead when needed. He ordered soft drink and beer as requested by his bartender. He maintained the practice of the former owner with re-

---

[1] Act of June 21, 1939, P. L. 520, as amended, 77 P.S. §771.

spect to laundry requirements, ice deliveries and pest control. The bartenders catered to the customers' food and drink needs, cared for the appearances of the establishment, collected rentals from the apartment tenants, paid the bills as due and took their salaries directly from the register. Claimant's wife orders and prepares food. Both the claimant and his wife make periodic deposits in a bank and both consult with each other and with the bartenders as problems arise. The wife actually works in the bar serving food.

Based on this evidence, appellants contended that the earnings of the bar were the direct result of claimant's personal management and endeavor. The Board, reviewing this evidence agreed with the referee's conclusion that appellants had failed to meet the burden of showing that claimant was no longer disabled. We hold that the decision of the Board in this regard must be affirmed since there was no capricious disregard of competent evidence.

.Under our scope of review, the Workmen's Compensation Appeal Board is the finder of fact and since the decision was against the party which must meet the burden of proof, its findings will not be disturbed unless there has been a capricious disregard of evidence or the Board's findings are not consistent with each other and with its conclusions of law. *Billet v. Keystone Roofing Mfg. Co.,* 6 Pa. Commonwealth Ct. 23, 291 A. 2d 921 (1972). This Court will not weigh the evidence to determine its probative value nor substitute its judgment for that of the Board. *SKF Industries, Inc. v. Cody,* 2 Pa. Commonwealth Ct. 19, 276 A. 2d 356 (1971). This is so even though this Court may, on the same record, have reached a different result had it been the factfinder. *Stump v. Follmer Trucking Company,* 4 Pa. Commonwealth Ct. 110, 286 A. 2d 1, rev'd. on other grounds, 448 Pa. 313, 292 A. 2d 294 (1972).

It is not disputed that an employer seeking to either modify or terminate a compensation agreement has the burden of showing that the disability of the claimant has changed. *Marshall v. City of Altoona,* 208 Pa. Superior Ct. 465, 222 A. 2d 408 (1966); *Desiderio v. Penn Fruit Co.,* 207 Pa. Superior Ct. 468, 218 A. 2d 602 (1966). On the question of whether claimant was actually able to tend bar, either to a partial or full extent, appellants presented the testimony of a medical expert who said that claimant could perform all of the tasks of a bartender as of September 1968. Contrary expert medical testimony was produced to establish claimant's continuing total disability. The Board exercising its proper function chose to believe the testimony in support of the claimant. In accord with *Lewis v. Philadelphia Trans. Co.,* 213 Pa. Superior Ct. 42, 245 A. 2d 719 (1968), the Board also considered other evidence on the limitation on claimant's activities and concluded that total disability still continued. Although there was conflicting testimony, there was no capricious disregard of competent evidence by the Board and this Court will not reverse. *Billet, supra,* 6 Pa. Commonwealth Ct. at 27-28.

On the issue of self-employment, appellants allege that this situation is controlled by *Ede v. Ruhe Motor Corp.,* 184 Pa. Superior Ct. 603, 136 A. 2d 151 (1957). In that case a claimant, after a compensable accident, entered into a retail automobile partnership with his father. Despite a physical disability, claimant actively managed the business and received a salary of $100.00 per week. The court there concluded that the claimant earned that sum as wages because of his active management of the business and therefore could not continue to receive compensation. The court noted that claimant devoted his full time to the enterprise and performed substantially all of the duties of a manager.

We agree with the Board that the instant situation is factually more similar to *Clingan v. Fairchance Lumber Co.*, 166 Pa. Superior Ct. 331, 71 A. 2d 839 (1950). That case also involved a petition to terminate compensation because a claimant, after a compensable injury, had purchased and was operating a retail grocery business. The court, outlining claimant's duties, noted: "Claimant, nominally at least, is the manager of the business as well as the owner, but it is a family affair. He is able to do little work. At times he waits on trade when it can be done while sitting behind the counter. He does some meatcutting to assist his wife and daughters and he helps with the bookkeeping. On occasion, he drives an automobile to wholesalers for stock which, however, must be loaded as well as unloaded by others." 166 Pa. Superior Ct. at 333, 71 A. 2d 840. The court also set down the general rule of law that "profits derived from a business are not to be considered as earnings and cannot be accepted as a measure of loss of earning power unless they are *almost entirely* the direct result of personal management and endeavor." 166 Pa. Superior Ct. at 333, 71 A. 2d 840. (Emphasis supplied). Applying this law to the facts, the court there held that petitioner had not met its burden of proving that disability had terminated and that he was an active management participant.

Comparing the duties performed by the claimant in that case with the instant situation, it is reasonable to conclude that claimant here actually does less than was done in *Clingan*. Appellants here highlight the fact that in *Clingan* that the time spent by the claimant in the business amounted to one hour while in this case the record clearly shows that claimant usually spends about four hours daily in the bar. Four hours of what amounts to conversing with customers may be one phase of tavern management, i.e., good will. We agree it amounts

to no more than one act in personal management. The management here was a combined effort and was not *almost entirely* the result of claimant's efforts. The Board did not err in law in finding against appellants on the authority of *Clingan*.

Appellants also contend that the Board erred in not finding at least partial disability because the testimony of claimant's expert establishes that he probably could perform some jobs. The evidence offered on his ability to work focused almost entirely on his ability to work as the bartender-manager of the taproom. The Board found that there was total disability for general work. Having already determined that the Board did not capriciously disregard evidence in finding that claimant could not perform work of a like nature, the burden then goes to appellants to prove that claimant may perform other work and that other work is available to the claimant. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 458, 246 A. 2d 668 (1968). Here, claimant's expert testified that he could sit at a desk for one to two hours or that he could do something which might require some limited walking. Although this testimony was uncontroverted, it fails to satisfy the burden carried by appellants to show that work was available. Even considering this uncontroverted testimony, it was not a capricious disregard of evidence for the Board to find total disability because it was proper to consider his advanced age and the degree of his educational or skill achievement. *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A. 2d 104 (1954). Our Superior Court has held that on review the courts should take a realistic view of a claimant's condition. In *Naughton v. Kettl*, 154 Pa. Superior Ct. 318, 35 A. 2d 527 (1943), it was said that where it was not established that claimant could uninterruptedly do light work, it is incumbent upon the defendant to show that suitable work is available for

the claimant; otherwise the latter is entitled to compensation for total disability. *Petrone v. Moffat Coal Company*, 427 Pa. 5, 233 A. 2d 891 (1967), held that a claimant is entitled to total disability benefits if the only work he can perform is light work of a general nature, when the record contains no evidence to support the proposition that light work is available. Accordingly, it was not a capricious disregard of evidence for the Board to conclude that appellants had not met their burden.

Appellants' final contention is that no accident occurred in 1962 and in support thereof presented evidence that claimant's back problems were the result of natural degeneration. Records showing visits by claimant to a doctor for treatment of a back problem prior to November 1962 were produced but the claimant testified that there had been a subsequent accident. There was also medical testimony offered by the same expert who had treated claimant prior to November 1962 that subsequent to that time the treatment prescribed went to the injury that was related to the accident in dispute. The Board accepted the referee's finding that an accident had occurred. We find that there was no capricious disregard of competent evidence. One undergoing treatment for a specific medical problem may be the victim of a disabling injury affecting the same part of the anatomy.

*Rose v. Horn & Hardart Baking Co.*, 214 Pa. Superior Ct. 56, 251 A. 2d 721 (1969) does not support appellants. *Rose* involved a petition for termination where evidence was presented that the accident did not cause disability. That question of causal connection was before the Board but the Board specifically said that it would not decide it. The Superior Court ultimately remanded for a determination of that question. Here there was no exclusion by the Board. Although

the Board did emphasize the medical evidence and the evidence of claimant's duties and efforts, it did accept the finding of the referee that there had been an accident. In light of the foregoing, we issue the following

**ORDER**

AND NOW, this 7th day of March, 1973, the order of the Workmen's Compensation Appeal Board is affirmed.