8 Pa. Commonwealth Ct. 614 (1973)
Falk's Food Basket, et al.
v.
Transue, et al.
Appeal, No. 1086 C.D. 1972.
Commonwealth Court of Pennsylvania.
Argued April 5, 1973.
May 11, 1973.
*615 Argued April 5, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.
A. Albert Gross, with him Gross, Herster & Newton, for appellants.
Raymond J. DeRaymond, with him Theodore R. Lewis and Coffin, DeRaymond and Shipman, for appellees.
*616 OPINION BY JUDGE CRUMLISH, JR., May 11, 1973:
This is an appeal from an order of the Workmen's Compensation Appeal Board dismissing appellants' petition to terminate a compensation agreement.
In June of 1967 claimant, Robert Transue, fell in the course of his employment at Falk's Food Basket and suffered severe injuries to both legs. At that time and for the period continuing to the present, claimant was the owner, along with his wife, of an operating restaurant and bar. In July of 1967 a compensation agreement was entered into and approved by the Workmen's Compensation Appeal Board under which claimant was to receive compensation for total disability. On October 30, 1968 the employer and its carrier filed a petition for modification and, after hearing, the referee directed that compensation be paid on the basis of 40% partial disability.[1]
On April 5, 1971 employer filed a petition to terminate the compensation agreement on the grounds that disability had ceased and claimant had suffered no loss of earning power since March 8, 1971. After a hearing, the referee granted the petition to terminate and suspended compensation. The referee found that the claimant was still 30% disabled but was able to work approximately eight hours per day in a job not requiring constant ambulation and there was no loss of earnings because he was engaged as an active partner of a going business.
The Board, having reviewed the record and the findings of the referee, vacated the referee's decision and dismissed the petition to terminate. The Board concluded that the referee's finding as to claimant's ability to work was meaningless since there was no evidence *617 as to claimant's work experience, his education, and whether such jobs are available. The Board further concluded that claimant's ownership of the bar and the restaurant was also meaningless since the only proof in the case showed that the bar was not making money. We must affirm.
Our function here is to determine whether the Board has capriciously disregarded evidence in reaching its decision or whether the Board's findings are consistent with each other and with its legal conclusions. Connolly v. Campbell, 8 Pa. Commonwealth Ct. 99, 301 A. 2d 109 (1973); Billet v. Keystone Roofing Mfg. Co., 6 Pa. Commonwealth Ct. 23, 291 A. 2d 921 (1972).
There is no question that the employer and its carrier, being the moving parties in this petition, have the burden of establishing the allegations upon which they rely. Verna v. Stabler, 204 Pa. Superior Ct. 87, 203 A. 2d 578 (1964); Crain v. Small Tube Products, Inc., 200 Pa. Superior Ct. 426, 188 A. 2d 766 (1963). Here, appellants allege that (1) claimant's disability has ceased; and (2) he is not entitled to compensation because he is a partner in an active business.
With respect to claimant's disability, appellants' own medical expert testified that claimant continued to be 30% disabled. He also testified that with the help of medication claimant should be able to do eight hours of work per day in any job not requiring constant ambulation. Thus, according to the best view of appellants' evidence, claimant is still partially disabled yet there is not one shred of evidence showing that jobs consistent with claimant's disability, education and experience are available. This was required of appellants. Barrett v. Otis Elevator Co., 431 Pa. 446, 246 A. 2d 668 (1968); Connolly v. Campbell, 8 Pa. Commonwealth Ct. 99, 301 A. 2d 109 (1973); Matrunics *618 v. Ruffsdale Coal Co., Inc., 6 Pa. Commonwealth Ct. 420, 295 A. 2d 629 (1972).
Perhaps appellants believed they had met their burden by showing that claimant is a co-owner of a bar and is actively engaged in its management. This fact, in and of itself, does not control. The evidence in the record, as found by the Board, shows that the bar does not make money.[2] Appellants have not shown that co-ownership of the bar has re-established claimant's earning capacity to its status prior to the accident. Appellants had the burden of proving that claimant's disability had ceased or that because of his co-ownership and management of the bar operation, he earns as much as he did prior to the accident. They have not shown either.
Finally, appellants contend that the matter should at the least be remanded because the Board did not make specific findings of fact or conclusions of law, and because it did not determine the extent of claimant's disability. We disagree.
We realize that findings of fact and conclusions of law are necessary for effective appellate review of the Board's action. Sherred v. Pittsburgh, 7 Pa. Commonwealth Ct. 401, 299 A. 2d 381 (1973); Frombach v. United States Steel Corp., 2 Pa. Commonwealth Ct. 556, 279 A. 2d 779 (1971). Meaningful review on appeal of the action of the Board is possible if the Board's decision sets forth evidence relied upon and the reasons for the Board's rejection of a claim. Frombach, supra. Here, although the Board did not set out its *619 findings and conclusions in numbered paragraphs, the evidence relied upon is sufficiently set forth.
On the issue of disability, the Board specifically stated that appellants had not met their burden of showing a cessation of disability. As a basis for this conclusion, the Board refers to appellants' own expert whose testimony showed that claimant was still partially disabled. The Board also alludes to the fact that the question of job availability in view of claimant's work experience and education was ignored.
On the issue of earning capacity, the Board specifically states that the appellants have not shown any earning power in the claimant. As a basis for this conclusion, the opinion refers to the fact that the only evidence of earning power in this case tended to show that the barroom is not making any money. With all of these specifications outlined in the opinion, this Court is able to effectively review the Board's decision.
Accordingly, we issue the following

ORDER
AND Now, this 11th day of May, 1973, the order of the Workmen's Compensation Appeal Board dismissing appellants' petition to terminate is affirmed.
NOTES
[1] This order was not contested and does not enter into the consideration of the instant case.
[2] The testimony presented and the tax returns of claimant and his wife along with the bar's profit (or loss) statement show that it is the wife's income from her secretarial job that is reported on the income tax return. The profit (or loss) statement shows a net profit of approximately $4.00 for 1970.