Opinion by
Judge Wilkinson,
These appeals have been taken by the Commonwealth of Pennsylvania and the claimant’s employer from an award of workmen’s compensation for total disability caused by an occupational disease. The Commonwealth in this case raises the same arguments that were involved in Workmen’s Compensation Appeal Board and Klebick v. Commonwealth of Pennsylvania, 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975), and our decision in that case will control the Commonwealth’s appeal taken to 109 C. D. 1975, if we find that the claimant has sustained his burden of proof in the employer’s appeal taken to 68 C. D. 1975.
*499 Claimant was employed in an underground mine from 1934 until August 6, 1973. Shortly thereafter, he filed a claim petition alleging total disability as a result of an occupational disease. The referee found that claimant was totally disabled from pneumoconiosis and awarded compensation to be paid as defined in Section 305.1 of the Pennsylvania Workmen’s Compensation Act, Act of June 2,1915, P. L. 736, as amended, 77 P.S. §411.1 (Supp. 1974-1975) (Act), on the basis that the claimant’s disability had resulted in part from exposure to the hazard of an occupational disease after June 30, 1973. The Board affirmed the referee’s decision and these two appeals were taken.
The employer first alleges that there was no substantial medical evidence to support the referee’s finding of disability and that such disability, if present, was not caused by pneumoconiosis. There was medical evidence submitted by at least four doctors in this case,[1] and we believe that there is sufficient evidence upon which the referee’s findings can be based. Claimant’s physician concluded that claimant did have pneumoconiosis as a result of more than 30 years of exposure to heavy concentrations of coal dust, and that his symptoms resulted in total, permanent disability. The x-ray reports also show claimant had pneumoconiosis in both lung fields. The employer’s medical expert concluded that claimant’s disability was due to cancer of the lung and not to anthracosilicosis. The referee could properly rely on the evidence of pneumoconiosis as contained in the x-ray reports and the report of claimant’s doctor, even in light of the other conflicting medical evidence. Connolly v. Campbell, 8 Pa. Commonwealth Ct. 99, 301 A.2d 109 (1973). These renorts are sufficient to support the referee’s conclusion that claimant was totally disabled as a result of pneumoconiosis caused by cumulative exposure to coal dust which *500 occurred in part after June 30, 1973. The award of compensation is, therefore, proper. Klebick, supra.
The employer also argues that the report submitted by the Commonwealth’s medical expert, Dr. Kalla, was improperly considered by the Board after having been excluded by the referee. A careful review of the Board’s opinion leads us to conclude that there is no basis for this argument. The referee properly excluded the testimony and the Board improperly “overruled” the objection. However, the Board stated specifically that the referee, having excluded the testimony, did not consider it. The Board affirmed the referee’s findings and, since there is more than ample testimony to support the referee without Dr. Kalla’s testimony, the “overruling” of the objection is truly harmless error.
The employer assigns as error the fact that the referee and the Board did not appoint an impartial medical expert to examine claimant under Section 420 of the Act, 77 P. S. §831. The appointment of an impartial medical examiner is within the discretion of the referee or the Board where they “deem it necessary.” In light of the amount and quality of the medical testimony received in this case, we hold it was not an abuse of discretion for the referee or the Board to refuse to appoint an impartial examiner.
The arguments raised by the employer and the Commonwealth that the claimant did not show a sufficient causal connection between the post June 30, 1973 occupational disease hazard exposure and his disability are laid to rest by our decision in Klebick, supra.
Accordingly, we enter the following
Order
Now, June 5, 1975, the order of the Workmen’s Compensation Appeal Board, dated January 2,1975, affirming the referee’s award of compensation to Stephen Papriska, is hereby affirmed.

. The report of Dr. Kalla will be discussed later in this opinion and will not be considered now for its evidentiary value.