Main Line Convertible and Travelers Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Anthony Franco, Respondents.

Argued November 20, 1981, before Judges WIL-
LIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel
of three.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,*
for petitioners.

*Frank B. Tracy,* of counsel, *Monteverde, Hemphill,
Maschmeyer & Obert,* for respondent, Anthony Fran-
co.

OPINION BY JUDGE PALLADINO, December 29, 1981:
This is an appeal by Main Line Convertible (Em-
ployer) and Traveler's Insurance Company from an
order of the Workmen's Compensation Appeal Board
affirming a referee's denial of their petition to sus-
pend payment of benefits to Anthony F. Franco
(Claimant). We affirm.

Claimant, a sales manager for Employer, incurred
an injury to his back and neck on July 29, 1974, which
rendered him totally disabled and for which he was
paid workmen's compensation benefits commencing
February 17, 1976. On February 20, 1979, Employer
filed a suspension petition which alleged that Claim-
ant had recovered from his injuries as of December
19, 1978. Claimant responded by denying that he had
recovered and averring that he remained totally dis-

abled, under a physician's care and unable to return to any gainful employment.

At referee's hearings, Employer presented the testimony of a physician whom it retained to examine Claimant as evidence that Claimant, at the very worst, was only partially disabled. Also testifying for Employer was a job placement counselor who discussed a number of jobs he knew to be available and which, based on the results of the examination of Claimant by Employer's physician, he was of the opinion Claimant could do. Claimant countered with testimony of his own and that of his attending physician to show that his total disability continued.

Following the hearings, the referee ruled that Claimant remained totally disabled and ordered that benefits continue to be paid accordingly. The Board took no new evidence in affirming and the appeal to this Court followed.

In a proceeding to terminate or suspend workmen's compensation benefits ''[t]he employer as the moving party has the burden of showing that the claimant's disability has ended or has been reduced and that (1) work is available to the claimant and (2) claimant is capable of doing such work.'' *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 509, 512, 422 A.2d 228, 229 (1980). Where, as here, the party with the burden of proof has not prevailed below, this Court's scope of review is limited to determining whether the findings of fact are consistent with each other and with the conclusions of law and can be sustained without a capricious disregard of competent evidence. *Hill v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 219, 429 A.2d 771 (1981).

Employer's initial challenge to the referee's decision is that the findings of fact are unsupported by

substantial evidence and the product of a capricious disregard of the evidence and do not adequately address the issues raised by Employer. After a careful review of the record herein, we disagree.

It is well settled that it is the referee's function, not this Court's to resolve conflicts in the evidence, including those resulting from medical testimony. *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981). It is also the referee's function to make determinations of the weight and credibility of the evidence presented. *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980). In carrying out his functions, the referee is free to "accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980).

In the instant case, Employer did indeed present medical testimony indicating Claimant's disability had diminished and, based on that testimony, evidence of suitable full-time employment. Claimant, however, presented medical testimony of a continuing disability which required, *inter alia:* regular administration of narcotic injections, cervical overhead traction, muscle relaxants and physiotherapy. Claimant's physician further stated that Claimant's condition would require him to rest after an hour of concentrated work and that a forty-hour week would be an excessive burden. Finally, Claimant himself testified that damp, rainy weather so aggravated his condition that he was unable to leave his house in such weather. When confronted with these limitations on Claimant's employability, as opposed to the relatively minor restrictions apparent in the medical testimony presented

by Employer, Employer's job placement counselor was forced to admit that the limitations would change his opinion of the availability of jobs suitable for Claimant.

Thus, the referee herein was faced with conflicting evidence as to both Claimant's physical condition and the availability of suitable employment. As it is within his province to do so, he resolved this conflict by finding Claimant to still be totally disabled. Since such a finding is consistent with the evidence presented by Claimant of his physical condition and the failure of Employer to show the availability of suitable employment in light of that condition, we are not at liberty to reverse the referee's decision. *Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

Employer's second challenge to the denial of the suspension petition is that there was uncontroverted testimony that Claimant actually returned to work and, in the face of actual earnings, Claimant can only be considered partially disabled. This challenge derives from the fact that Claimant devotes two hours a month to attending meetings as mayor of his borough and as a member of the borough council. In raising this issue and in citing to Claimant's "earnings," however, Employer has totally misconstrued the evidence presented. It is clear that Claimant receives no wages for his services. His sole remuneration is seventy-five dollars per month to cover his *expenses.* Claimant admits to not expending this entire sum every month in the performance of his duties and to occasionally having a few dollars left over, but this is hardly a direct result of Claimant's management or endeavor and, as such, cannot be considered evidence of his ability to earn income. *See Connolly v. Campbell,* 8 Pa. Commonwealth Ct. 99,

301 A.2d 109 (1973); *Clingan v. Fairchance Lumber Co.*, 166 Pa. Superior Ct. 331, 71 A.2d 839 (1950).

Accordingly, we enter the following

ORDER

AND Now, December 29, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter, No. A-79097, is hereby affirmed.