559 A.2d 609

**FRUEHAUF CORPORATION, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MICHAELS), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 21, 1989.

Decided June 6, 1989.

Joseph Grady, Scanlon, Howley, Scanlon & Doherty, Scranton, for petitioner.

Richard S. Campagna, Scranton, for respondents.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

## OPINION

BARRY, Judge.

The Fruehauf Corporation (employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which reversed a decision of a referee which had granted the employer's modification petition.

Gerald Michaels, the claimant, suffered a work related injury to his left elbow in February of 1983. While he was collecting benefits for total disability, the employer filed a modification petition, alleging that the claimant was no longer totally disabled. At a hearing, the employer proved that a farm owned and operated by the claimant's family earned between $4,000 and $4,500 in two consecutive years. Treating this money as wages of the claimant, the referee granted the modification petition and ordered that the

claimant collect benefits for only a partial disability. Claimant appealed to the Board which reversed, holding that the referee erred in treating the monies derived from the family farm as earning power of the claimant. The employer then brought this appeal.

The burden of proving that a modification petition should be granted is on the party seeking modification, in this case the employer. In order to prove here that it is entitled to modification, the employer was required to show, where the claimant still suffers the effects of the injury, that light duty jobs exist which the claimant can perform. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Here, the employer presented the testimony of a witness which sought to prove that such jobs were available. The referee, the finder of fact, found that the jobs were not available because the claimant had applied for them but was not hired. We may not interfere with this credibility determination based on the testimony of the claimant.

The referee did find that the farm produced a yearly return of about $4,500 and that this return was sufficient to support the grant of the modification petition. We believe the referee committed an error of law in this regard and thus agree with the Board's order reversing the referee's decision.

The case law on monies derived from a business in this context is somewhat sparse. Almost forty years ago, the Superior Court stated, "[P]rofits derived from a business are not to be considered as earnings and cannot be accepted as a measure of loss of earning power *unless they are almost entirely the direct result of personal management and endeavor.*" *Clingan v. Fairchance Lumber Co.*, 166 Pa. Superior Ct. 331, 333, 71 A.2d 839, 840 (1950) (emphasis added). Here the employer presented only the testimony of the claimant that he assisted his sons and wife in running the family farm. Such testimony falls far short of proving

that the profits [1] were "almost entirely the direct result" of the claimant's personal management and endeavor. We believe the present case is comparable with *Clingan* or *Connolly v. Campbell,* 8 Pa.Commonwealth Ct. 99, 301 A.2d 109 (1973), where profits were not considered earning power of the claimant.

As the employer here failed to show either job availability or earning power, it failed to meet its burden of proof. The referee, therefore, erred in granting the employer's modification petition.

Affirmed.

## ORDER

NOW, June 6, 1989, the order of the Workmen's Compensation Appeal Board, dated November 3, 1988, at No. A–93269, is affirmed.

---

1. Further, no testimony was presented that showed the $4,500 was "profits" of the farm. Claimant testified that this number was the gross intake of the farm.