562 A.2d 1002

**TOWN & COUNTRY FINE FURNITURE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CHARLES K. JERRECHIAN & SONS and Patricia S. Cooley), Respondents.**

Commonwealth Court of Pennsylvania.

Argued June 9, 1989.

Decided Aug. 10, 1989.

David S. Florig, Charles W. Craven, Thomas R. Bond, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, for petitioner.

Christopher H. Wright, Dunn, Haase, Sullivan, Mallon & Cherner, Media, for Patricia S. Cooley.

Susan McLaughlin, Ernest J. Bernabei, III, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, for Charles K. Jerrechian & Sons.

Before COLINS and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Petitioner, Town & Country Fine Furniture, Employer, appeals here an order of the Workmen's Compensation Appeal Board (Board), entered on October 5, 1988, denying a petition for a rehearing filed by Employer.

Although we are confronted here solely with a question of whether or not a rehearing should have been granted by the Board, the complexity of prior proceedings and factual circumstances are such that a brief review thereof is in order.

The heart of prior proceedings is set forth clearly by Referee Frank M. Perna in his opinion circulated on March 10, 1986. In that opinion, Referee Perna dealt with and found that Claimant, Patricia Cooley, suffered an injury to her right low back on January 11, 1980 while in the employ of Petitioner as a sales designer. While suffering from this injury, Claimant resigned in December of 1981 and began employment as a sales designer for Charles K. Jerrechian & Sons in January of 1982, performing modified duties not requiring lifting and moving of furniture. However, on July 17, 1982, while moving a rug, Claimant suffered a "recurrence of low back pain" causing her to become totally disabled from July 22, 1982 to and including September 13, 1982. She was able to return to modified duties with Charles Jerrechian beginning September 14, 1982 on a part-time basis. She continued to suffer a partial disability for which Referee Perna entered an order based on findings and conclusions that all of Claimant's total and partial disabilities were due to the original injury on January 11, 1980 while working for Petitioner. This order contained precise findings that the injury of July 17, 1982 and the disability resulting therefrom were solely due to a recur-

rence of the injury of January 11, 1980. On appeal to the Board, its decision of May 18, 1987, was on the merits of whether or not the July 17, 1982 incident in the employ of Jerrechian was a new injury or was a mere recurrence. The Board affirmed the Referee's decision that it was a recurrence.

On May 28, 1987, a petition for review was filed with this Court and on the same date a petition for rehearing was filed with the Board. The request for rehearing was based upon Petitioner's averment that Claimant had been for several years a decorator for Deco Design, Ltd., and, this being "newly discovered evidence," a rehearing was warranted. In Claimant's answer it is noted that this circumstance was known to Petitioner and, in any event, "[d]efendant has failed to allege that Claimant has made any earnings as a result of her alleged employment with Deco Design, Ltd." On appeal to this Court the Board's decision of May 18, 1987, on the merits of the recurrence or new injury issue, Petitioner also put in issue the denial of Employer's petition for rehearing before the Board, attaching a copy of that petition and presenting an argument thereon in its brief then filed with this Court. R.R. 120(a).

In an opinion by Judge MacPhail, dated April 28, 1988, and filed April 28, 1988, affirming the Board's order of May 18, 1987, this Court also disposed of the rehearing issue, albeit in a Footnote, which appears in the opinion as follows:

> In so concluding, we decline to accept Petitioner's argument that the Board erred in denying its request for rehearing to allow it to introduce new evidence relating to yet other employment claimant engaged in after leaving Petitioner. We are well aware of our Supreme Court's recent decision in *Cudo v. Hallstead Foundry, Inc.*, [517] Pa. [553], 539 A.2d 792 (1988). There, this Court was reversed when we held that the Board erred when it ordered a rehearing for the admission of newly-discovered medical evidence. While the Board has broad powers to grant a rehearing, *Cudo,* we do not believe our Supreme Court intended to make the grant of a rehearing obligatory where the Board has properly exercised its

discretion in *denying* a rehearing. Here, we find no abuse of the Board's discretion.

*Town & Country Fine Furniture v. Workmen's Compensation Appeal Board (Cooley),* 115 Pa.Commonwealth Ct. 484, 540 A.2d 638 (1988).

Also, following that decision of this Court, a petition for reargument was filed by Petitioner which this Court denied on July 8, 1988. Employer has petitioned the Pennsylvania Supreme Court as of August 1, 1988 for allowance of appeal[1] and apparently also filed with the Board a new petition for rehearing, dated September 30, 1988.

Petitioner argues that the rehearing now requested should be granted with regard to Deco Design, Ltd., averring, *inter alia,* that Claimant is the founder of that company. However we do not reach the questions raised by this contention because we deem all issues as to the requested rehearing have been decided and, therefore, our review is foreclosed, having been granted in our prior decision in this case, as set forth in the above quoted footnote to that decision. We note that the appeal before us at the present time is solely from the Board's order of October 5, 1988, the rehearing issue argued before the Board having been eliminated from the case on the grounds of *res judicata* by our prior decision.[2] We are aware, of course, that the Supreme Court may choose to review our decision. Nevertheless, the mere averment of a business ownership interest, without any evidence of actual earnings by Claimant, not even averred in the petition for rehearing which was ultimately decided by this Court, cannot by such a bare statement of business ownership establish earning power under The Pennsylvania Workmen's Compensation Act. *Fruehauf Corporation v. Workmen's Compensation Appeal Board (Michaels),* 126 Pa. Commonwealth Ct. 298, 559 A.2d 609

1. The petition for allowance of appeal is docketed at No. 712, E.D., Allocatur Docket, 1988.

2. While we note that Petitioner, in its brief filed with the Board in support of its second rehearing petition filed after our decision was rendered and filed, argues at length that the rehearing issue was not decided by us in the footnote quoted above, the record establishes that the issue was not only raised on the petition for review filed with this

(1989); *Clingan v. Fairchance Lumber Co.*, 166 Pa.Superior Ct. 331, 71 A.2d 839 (1950); *Connolly v. Campbell*, 8 Pa.Commonwealth Ct. 99, 301 A.2d 109 (1973).

In *Fruehauf*, quoting from *Clingan*, we stated:

[P]rofits derived from a business are not to be considered as earnings and cannot be accepted as a measure of loss of earning power *unless they are almost entirely the direct result of personal management and endeavor.* (Emphasis the Court's in *Fruehauf*.)

For the reasons stated, the sole issue involved here having been previously before this Court and decided then, the Board's decision will be affirmed.

## ORDER

NOW, August 10, 1989, the order of the Workmen's Compensation Appeal Board, as of No. RP 4413, dated October 5, 1988, is hereby affirmed.

Court, but was also treated as an issue in the brief presented to us. R.R. 120a. Also, on that first appeal to this Court, the petition for review filed with this Court, in Paragraph 4, raised the issue of the rehearing petition, and petitioner even attached a copy of that petition for rehearing to the petition for review, R.R. 90a–94a, and the petition for review also contains a copy of the answer to that rehearing petition. R.R. 98a–102a.