### CARPENTER TECHNOLOGY CORPORATION, Petitioner,

v.

### WORKERS' COMPENSATION APPEAL BOARD (SANTORO), Respondent.

Commonwealth Court of Pennsylvania.

Argued Dec. 7, 1999.
Decided April 11, 2000.
Reargument Denied June 8, 2000.

---

Paul M. Fires, Philadelphia, for petitioner.

Kenneth C. Myers, Reading, for respondent.

Before SMITH, J., FLAHERTY, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Carpenter Technology Corp. (Employer) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) denying Employer's petition to modify the compensation benefits of Nicholas Santoro (Claimant). The Board also affirmed the WCJ's grant of counsel fees to Claimant. We reverse.

On May 6, 1991, Claimant suffered a work-related injury for which he received disability benefits. Thereafter, Employer filed a modification petition alleging that Claimant returned to work with some wage loss. Employer alleged that Claimant failed to execute supplemental agreements documenting his return to work as well as Employer's modification of benefits. Claimant answered acknowledging his return to restricted employment but denied that the amounts calculated by Employer in the supplemental agreements were accurate.

Before the WCJ, Employer argued that in calculating Claimant's partial disability benefits, profit sharing benefits received by him should be considered in calculating his post-injury earning power for purposes of Section 306(b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512. With respect to the profit sharing, an Employer witness testified that the profit sharing plan pools the first 10% of the initial $40 million of pre-tax profits for Employer's steel division and further pools 20% of the division's earnings over the $40 million mark. Profit sharing is done on a fiscal basis from July 1 to June 30. After the first quarter of a fiscal year, pre-tax profits are determined and they are then divided by the wages of all employees eligible to participate. This results in a percentage calculation, which is then applied to

the employee's base rate. Profit sharing bonus payments are included by Employer for calculating pension and savings plan deductions, but are excluded from earnings for calculating Employer's contribution to the savings plan. The profit sharing plan is also explained in Employer's "Personnel Practices and Policies" which was also introduced into evidence.

The WCJ observed that under Section 309 of the Act, Claimant's profit sharing should be included in the calculation of Claimant's average weekly wage. However, the WCJ determined that the inclusion of profit sharing benefits for calculation of Section 306(b) benefits which speaks in terms of earning power was in error. The WCJ concluded that the Act creates a distinction between wages and earning power and the two are not necessarily the same. The inclusion of the profit sharing benefit in the calculation of the average weekly wage is appropriate as such would be "the wage most favorable to the employee" as is required by Section 309. However, based on *Stever v. Rea & Derick*, 206 Pa.Super. 158, 212 A.2d 90 (1965) and *Clingan v. Fairchance Lumber Co.*, 166 Pa.Super. 331, 71 A.2d 839 (1950), profit sharing should not be included in the calculation of Claimant's earning power as those payments are unrelated to his individual effort or performance. The WCJ also imposed attorney's fees based on an unreasonable contest. On appeal, the Board affirmed except that it remanded for the purpose of clarifying the amount of attorney's fees against Employer. This appeal by Employer followed.[1]

The salient issue in this case is whether a profit sharing bonus received by Claimant should be used in determining Claimant's earning power for partial disability benefits under Section 306(b) of the Act, 77 P.S. § 512.

Section 306(b) of the Act which address the schedule of compensation for partial disability provides that:

> For disability partial in character ... sixty-six and two thirds per centum of the difference between the wages of the injured employe ... and the earning power of the employee thereafter....

Employer points out that the term wages is not specifically defined in the Act. However, this court has looked to common definitions and determined that wages includes bonuses and includes not only periodic monetary earnings but also all compensation for services. *Lane Enterprises, Inc. v. Workmen's Compensation Appeal Board (Patton)*, 150 Pa.Cmwlth. 395, 615 A.2d 975 (1992), *rev'd in part*, 537 Pa. 426, 644 A.2d 726 (1994). Employer argues that as it has been determined that profit sharing payments are wages for purposes of a Section 309 calculation of average weekly wage, there can be no cogent argument for treating those payments any differently for purposes of determining an employee's earning power under Section 306(b). Moreover, as stated in *Harle v. Workers' Compensation Appeal Board (Telegraph Press, Inc.)*, 540 Pa. 482, 658 A.2d 766 (1995), earning power cannot be less than actual earnings or wages.

Claimant responds that just because the profit sharing benefits are included in the

---

1. In accordance with Rule 311(f) of the Pennsylvania Rules of Appellate Procedure, an appeal may be taken as of right from an order of the Board remanding a matter to the WCJ in a manner that does not require the exercise of administrative discretion. *Jeannette District Memorial Hospital v. Workmen's Compensation Appeal Board (Mesich)*, 668 A.2d 249 (Pa.Cmwlth.1995), *petition· for allowance of appeal denied*, 544 Pa. 671, 677 A.2d 841 (1996) (example of such an order is an order of the Board reinstating compensation and remanding to the WCJ solely for the computa-

tion of benefits). In this case, the Board determined that the WCJ awarded attorney's fees twice. The Board determined that "[t]his compounding of attorney's fees is not proper and we must therefore remand this case for the limited purpose of clarifying the amount of attorney's fees assessed against Defendant for an unreasonable contest in this matter." (Board's opinion at p. 9.) As the remand order does not require the WCJ to exercise administrative discretion, the appeal presently before this court is proper.

calculation of the claimant's average weekly wage it does not follow that it is to be included in the calculation of his earning power under Section 306(b). "Earning power" used in Section 306(b) is a term distinct from "wages." Employer's reliance upon *Lane* is misplaced as that case deals with the calculation of the average weekly wage under Section 309 and not the calculation of earning power or the partial benefit payable under Section 306(b).

 We observe that although *Lane* addresses Section 309 of the Act rather than Section 306(b) of the Act, it is nonetheless instructive. Because profit sharing constitutes wages for purposes of Section 309, we agree with Employer that those same payments are part of Claimant's post injury earning power for purposes of Section 306(b) of the Act. Although "earning power" and "wages" are not the same term, we note that "earning power ... shall in no case be less than the weekly amount which the employee receives after the injury ...." Section 306(b) of the Act. The terms are not the same because " 'earning power' can, in some cases, be more than the employee is receiving in actual wages after the injury. In other words, benefits for partial disability are based on the difference between pre-injury earnings and post-injury earning power, not post-injury earnings, although in no case can the difference be greater than the difference between pre-injury earnings and post-injury earnings." *Harle*, 540 Pa. at 488, 658 A.2d at 769. Thus, earning power includes wages actually received by Claimant. As there is no dispute that profit sharing constitutes wages, the profit sharing is properly included in determining Claimant's earning power.

Claimant nonetheless argues that the profit sharing benefit was not attributable to the individual effort of Claimant and therefore cannot be included in the calculation of his earning power. According to Claimant, the profit sharing is based upon the performance of the steel division and

there was no evidence produced that the benefits are based upon the individual effort of Claimant or any other employee. In *Clingan*, the Superior Court refused to deem income derived from a grocery store owned and operated by the claimant, his family and two paid employees as proof of claimant's earning power where such could not be demonstrated to be the result of his work effort. In that case, what the claimant did in connection with the business consumed about an hour each day. Although the grocery store made some profit, the profit represented the combined earnings of the claimant, his wife and their four daughters. The record also failed to disclose in the profits an amount that should constitute a fair return on the capital investment in the business and also failed to show what the claimant's share of the earnings might be. The Court then stated that "[t]he general rule is that profits derived from a business are not to be considered as earnings and cannot be accepted as a measure of loss of earning power unless they are almost entirely the direct result of personal management and endeavor." *Id.* at 840. In *Stever*, the Superior court affirmed on the opinion of the trial court which determined that the employer was not entitled to a modification of benefits because the claimant was part of a family owned farm that made a profit. More recently, in *Fruehauf Corp. v. Workmen's Compensation Appeal Board (Michaels)*, 126 Pa.Cmwlth. 298, 559 A.2d 609 (1989), and *Joy Technologies v. Workmen's Compensation Appeal Board (Heeter)*, 155 Pa.Cmwlth. 9, 624 A.2d 710 (1993), this court again stated that profits derived from a business are not considered earnings and cannot be accepted as a measure of loss of earning power unless they are almost entirely the direct result of personal management and endeavor.

 The above cases are distinguishable in that they involved profits from family owned businesses and it could not be determined what contribution the claimant made. This case involves a profit sharing

plan established by Employer wherein it is possible to determine Claimant's portion of the profit share benefit. Claimant's share of the profit is directly correlated to the salary Employer paid Claimant and thus reflects what Employer perceives to be Claimant's contribution to its profitability.

Because of our determination that the profit sharing benefit is includable in determining Claimant's earning power, we must remand this case to the Board with instructions that it remand to the WCJ to determine Claimant's earning power, which includes his profit sharing benefit. Moreover, as Employer has successfully maintained that Claimant's profit sharing benefits are includable in Claimant's earning power, Employer had a reasonable basis for contesting this case and the Board's order affirming the WCJ's grant of attorney fees to Claimant for an unreasonable contest is reversed.

Accordingly, we reverse the order of the Board which determined that Claimant's profit sharing benefit is not includable in determining Claimant's earning power and which also determined that Claimant was entitled to attorney fees for an unreasonable contest. We remand this case to the Board with instructions to remand it to the WCJ, so that he may determine Claimant's earning power, which includes his profit sharing benefit and his resultant partial disability benefit.

### ORDER

NOW, April 11, 2000, the order of the Workers' Compensation Appeal Board dated June 8, 1999 at No., A97–1797, is reversed. The case is remanded to the Board with instructions that it remand to the WCJ for the proper calculation of Claimant's earning power and his resultant partial disability benefit.

Jurisdiction is relinquished.