P & L CONSTRUCTION COMPANY,
INC., and the Auto-Owners Mutual
Insurance Company, Appellants,

v.

Billy Louis LANKFORD, Appellee.

Supreme Court of Tennessee.

Jan. 3, 1978.

Trabue, Sturdivant & DeWitt, Nashville, for appellants.

Alexander, Hartzog, Harris & Silva, Franklin, for appellee.

## OPINION

COOPER, Justice.

P & L Construction Company and the Auto-Owners Insurance Company have appealed a decision by the Circuit Court of Williamson County awarding benefits un-

der the Workmen's Compensation Act to Billy Lankford, an employee of the construction company. The appellants raise two questions: First, they assert that there is insufficient medical evidence to establish that the employee's injury arose out of and in the course of Lankford's employment. Secondly, they contend that, in the event that Lankford's claim is upheld, he should receive the minimum disability payments under T.C.A. § 50–1007, in that, during the year preceding his injury, he received no wages.

P & L Construction Company is a closely held corporation, with Billy Lankford, Gene Perdue, and their respective wives each holding a 25% interest. Lankford and Perdue are employed by the company full-time as foremen and construction workers. Pursuant to an agreement made when the company was established, neither man has taken any direct compensation for his labor, and none of the profits of the company have been distributed to the owners. On September 13, 1975, while in the course of his work for the company, Lankford suffered a ruptured disc when he sneezed. He brought this action to recover medical expenses and disability benefits under the Workmen's Compensation Act. At trial, Lankford presented evidence that, on or about June 20, 1975, while he was working at one of the construction company's jobsites, he had suffered a severe blow to his back when he was struck by the tailgate of a dump truck and that between that accident and the sneezing incident of September 13th he had been troubled by symptoms similar to those that resulted from the ruptured disc. Dr. Warren McPherson, the doctor who treated Lankford, testified that, in his opinion, the disc ruptured when Lankford sneezed. He further testified that it was possible that a sharp blow to the back, such as that suffered by Lankford in June, could have so weakened the ligaments surrounding the disc that it became susceptible to rupture by an act such as sneezing. The trial judge found that the injury to Lankford's back was the result of being struck by the tailgate, and that the sneeze merely precipitated the rupture. He therefore awarded Lankford his medical expenses and disability benefits. He further held that Lankford's average weekly wage, which is the criterion by which the amount of the disability payments payable under T.C.A. § 50–1007 is determined, should be based on one-half the net income of the corporation. If Lankford's average weekly wage is computed in this manner, he is entitled to the maximum benefits under T.C.A. § 50–1007, and the trial judge so held.

The appellants insist that there is no material evidence to support the finding that Lankford's injury arose out of and in the course of his employment, in that Dr. McPherson testified only that the rupture of the disc could have been caused by the June, 1975, accident.

In a workmen's compensation case, a trial judge may properly predicate an award on medical testimony to the effect that a given incident "could be" the cause of the plaintiff's injury, when he also has before him lay testimony from which it may reasonably be inferred that the incident was in fact the cause of the injury. *American Insurance Company v. Ison*, 538 S.W.2d 382 (Tenn.1976); *Lynch v. LaRue*, 198 Tenn. 101, 278 S.W.2d 85 (1955); 3 Larson, Workmen's Compensation Law, § 80.32.

In the instant case, Dr. McPherson testified that Lankford's ruptured disc could have been caused by the tailgate accident. Lankford and other witnesses testified to the circumstances surrounding that accident, and to Lankford's subsequent symptoms. In particular, they testified that Lankford suffered from pain and weakness in his back after the tailgate accident, and that on one occasion he was stricken with intense pain in his lower back and partial paralysis in his left leg, which were the same symptoms that brought him to Dr. McPherson after the September 13th sneezing incident. In the light of this testimony, the trial judge found that the rupture of the disc, although precipitated by the sneezing incident, was the result of the tailgate accident that occurred on June 20th. As there is material evidence to sup-

port the trial judge's determination, it is conclusive on appeal. *Sudduth v. Williams*, 517 S.W.2d 520 (Tenn.1974). The appellants do not question the trial judge's implicit finding that the injury, if it was caused by the tailgate accident, arose out and was suffered in the course of Lankford's employment. *See* 1 Larson, Workmen's Compensation Law, § 13.11 at 3–283. Therefore, the trial judge's holding that Lankford's injury is compensable is affirmed.

The appellants next contend that, as the plaintiff received no wages from the company, he had no "earnings" within the meaning of T.C.A. § 50–902(c), and that it was error for the trial judge to award him benefits at the maximum rate provided by T.C.A. § 50–1007(a).

■ The earnings of an employee include anything received by him under the terms of his employment contract from which he realizes economic gain. 2 Larson, Workmen's Compensation Law, § 60.12. In certain situations involving closely-held corporations, this may include the implicit increase in the stock held by an employee-shareholder that occurs when he foregoes any direct monetary compensation for his labors. *Cf., Harvey Auto Supply, Inc., v. Industrial Commission*, 25 Ariz.App. 274, 542 P.2d 1154 (1976), in which an employee-shareholder elected to take a portion of his wages in stock. However, contrary to the holding of the trial judge, the proportional share of the profits of a closely-held corporation creditable to such an employee-shareholder does not necessarily reflect his "earnings," i. e. the implicit increase in the value of his holdings as the result of his labors, as opposed to that increase arising from his previous contributions of capital. *See Clingan v. Fairchance Lumber Co.*, 166 Pa.Super. 331, 71 A.2d 839 (1950). A better measure of the employee's earnings would be the compensation paid by the same company to another employee performing the same or similar duties. *Cf.*, T.C.A. § 50–902(c). In the instant case, there is evidence that the company employed William Garvin as a heavy equipment operator at the wage of $4.25/hour. If this is taken as a reasonable estimate of the value of Lankford's labor as a heavy equipment operator, which was his primary task, it is apparent that his weekly earnings, as defined above, were such as to entitle him to the maximum benefits payable under T.C.A. § 50–1007(a). Accordingly, we concur in the result reached by the trial judge.

The judgment of the trial judge is affirmed. The costs will be taxed to the appellants.

HENRY, C. J., BROCK, J., and DAUGHTREY and McCANLESS, Special Judges, concur.