### CORTRIM MANUFACTURING CO., Appellant,

v.

### Mrs. Charles W. SMITH, Appellee.

Supreme Court of Tennessee.

July 31, 1978.

Edwin L. Treadway, Steven C. Rose, Kingsport, for appellant.

Fred M. Leonard, George W. McRee, Bristol, for appellee.

## OPINION

BROCK, Justice.

In this action the plaintiff seeks to recover death benefits provided by the Workmen's Compensation Act for the death of her husband who was an employee of the defendant. The trial court found the issues in favor of the plaintiff and awarded benefits. The defendant has appealed asserting that the Chancellor erred in failing to sustain defendant's objection to a hypothetical question posed by the plaintiff to Dr. Ronald D. Caldwell, a heart specialist who testified on behalf of the plaintiff, and in finding that there was any causal connection between the death of the plaintiff's husband and his employment.

The defendant produces various wood products for the furniture and other industries and in so doing employed an assembly line consisting of six large wood-working machines. Each of these wood-working machines consisted of various components such as "motor heads," "knives," etc. Once the production of a particular wood product was finished, the machines could be "taken down" and "rebuilt" so that a different wood product could be fabricated. The changing of the components of these machines was referred to as "set up work," and the plaintiff's husband was one of the three employees of the defendant who performed this work. In addition to set up work the plaintiff's husband also performed "adjustments" on the machines after they were set up and while they were employed in production of wood products. The testimony indicates that the set up work was quite strenuous whereas the adjusting work, although it involved considerable stooping and bending and sometimes making adjustments close to the floor while the adjuster was on his knees, was not quite so strenuous.

For about two years prior to his death, the plaintiff's husband suffered from arteriosclerotic heart disease manifested as anginal pain and shortness of breath and for which he was treated by Dr. Ronald D. Caldwell, an internal medicine specialist, since August, 1975. On Monday, November 29, 1976, the plaintiff's husband appeared to be as well as he had been for months when he took his wife to work and reported for work himself at about 7:30 a. m. From 7:30 a. m. until approximately 9:50 a. m. the plaintiff performed his duties which consisted of "adjusting" one of the wood-working machines above mentioned. At about 10:00 a. m. he told Clarence Jackson, a fellow worker, that he was ill and was going to lie down on a couch or go home. He reported to the first aid department and his condition worsened so that about 12:00 noon he was taken in a truck from the defendant's factory to a nearby hospital where he was admitted to the intensive care unit and died shortly thereafter. Dr. Caldwell stated that the cause of death was cardiogenic shock resulting from acute myocardial infarction.

Dr. Caldwell testified that the heart attack occurred while the deceased was at his work. The hypothetical question to which the defendant objected was:

"Q. Doctor, assuming that on the morning of November 29, the patient was involved in setting up a piece of machinery—large piece of machinery—to cut wood for the yard, which involved a tremendous amount of bending and stooping and stretching and reaching down as low as a foot from the floor to turn cranks to set up this machinery, could such exertion at that moment have contributed to cause this clot to . . . .

"A. It's . . . it's possible . . .

"Q. . . . break away . . . .

"A. Now let me . . .

(At this point the defendant objected on the ground that the question as propounded did not contain a full and true hypothesis, did not show the condition of the decedent when he came to work

that morning and that there was no evidence showing that the decedent exerted himself in the way and manner set forth in the question.)

"The Court: The objection is overruled. Proceed. (Exception by defendant's counsel.)

"Q. Can you remember . . .?

"A. A degree of exertion like that conceivably, then, could have precipitated . . . yes, it could. Nobody really . . . nobody hardly could really know what it is . . they are not infrequent, certainly at night. However, . . .

\* \* \* \* \* \*

"A. Some . . . some effort doing . . . done . . . somebody that's undergoing some effort at the time one hits, you kind of, at least, sort of tend to naturally assume that it may have had something to do with precipitating it. There is really no way you can tell for sure."

▆▆▆ In our opinion, the trial court did not err in overruling the objection to the hypothetical question. Of course, it is not proper for a hypothetical question to assume facts that are not supported by evidence at the trial. *Moon v. Johnston,* 47 Tenn.App. 208, 337 S.W.2d 464 (1960). Our examination of the record indicates that the adjusting of the wood-working machines, work which the decedent was performing on the morning in question, did consist of bending, stooping, stretching and reaching down as low as a foot from the floor to turn cranks. The words "tremendous amount" may have been an exaggeration to some extent but, in our view, does not necessarily render the question objectionable. Counsel must be given some leeway in his choice of words in framing such questions and the matter is primarily one for the exercise of discretion by the trial judge. Moreover, the defendant had the opportunity to restate the hypothetical question on cross examination or frame other questions of his own to point out any deficiencies in the question posed by the plaintiff. In this case defense counsel made no attempt to do so.

We have concluded also that the evidence is sufficient to support the finding of the Chancellor that the fatal heart attack suffered by the plaintiff's husband was, at least in part, caused or precipitated by the physical activity and exertion of his work on the morning of his death. As Mr. Justice Cooper stated recently in *P & L Construction Co., Inc. v. Lankford,* Tenn., 559 S.W.2d 793 (1978):

"In a workmen's compensation case, a trial judge may properly predicate an award on medical testimony to the effect that a given incident 'could be' the cause of the plaintiff's injury, when he also has before him lay testimony from which it may reasonably be inferred that the incident was in fact the cause of the injury. (Citations omitted.)" 559 S.W.2d at 794.

▆▆▆ And the death of an employee who dies in the course of his employment by reason of a heart attack, although suffering from a previous heart disease, is covered under the Workmen's Compensation Act even if the result was produced only by ordinary exertion and usual strain of the work. *Lawrence County Highway Department v. Hardiman,* Tenn., 531 S.W.2d 792 (1975); *Coleman v. Coker,* 204 Tenn. 310, 321 S.W.2d 540 (1959). We hold that the testimony of Dr. Caldwell, above quoted, as well as the testimony of the lay witnesses who described the nature of the work performed by the decedent on the morning of his fatal attack, is sufficient to support the finding of the Chancellor that the fatal attack was precipitated by the physical activity and exertion of the decedent on the morning of his death.

We conclude, therefore, that the decree of the Chancellor must be affirmed. Costs incurred on appeal are taxed against the appellant.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.