C. Bryan **BLALOCK** and wife, **Wilma Jo Blalock, Plaintiffs–Appellants,**

v.

**Roy M. CLAIBORNE, Defendant–Appellee.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 10, 1989.

Permission to Appeal Denied by Supreme Court May 8, 1989.

Robert L. Ogle, Jr., Sevierville, for plaintiffs-appellants.

Steven B. Johnson, Butler, Vines, Babb & Threadgill, Knoxville, for defendant-appellee.

## OPINION

ANDERSON, Judge.

In this personal injury case the plaintiffs appeal a jury verdict for the defendant. Plaintiffs contend the trial court should have granted a new trial because no material evidence supported the verdict, and errors occurred in attorney conduct, the qualification of an expert witness, the admission of hearsay evidence, and the judge's jury charge. We affirm the trial court's denial of the motion for new trial.

## FACTS

On the evening of October 25, 1984, plaintiffs drove from Sevierville to Knoxville to celebrate their daughter's eighth birthday. They checked into a Howard Johnson motel and walked to Pizza Inn with their daughter and eight of her friends. In order to return to their motel after their pizza party, they had to cross Merchants Road, a five or six lane highway, at a traffic-controlled intersection. The husband walked across the road first, while the traffic light was in his favor, with seven of the guests. The facts are in dispute as to whether the light was still red for vehicular traffic when plaintiff, Jo Blalock, and two children started to cross the intersection and whether she was crossing within the crosswalk. The defendant, Roy Matthew Claiborne, was proceeding east in his 1974 Javelin toward the intersection in the passing lane of Merchants Road. As he approached the intersection, Claiborne testified that the light changed in his favor and he continued at a speed of approximately 25–30 miles per hour. Although defendant had an unobstructed view as he approached the intersection, he failed to see the plaintiff and two children in time and struck all three pedestrians. Jo Blalock suffered a broken leg and one of the children was injured.

Plaintiffs sued the defendant for Jo Blalock's injuries. The jury returned a verdict for the defendant. The plaintiffs moved for a new trial, which was overruled. We affirm the trial judge's denial of plaintiffs' motion for new trial.

## MATERIAL EVIDENCE

The plaintiffs argue that the jury verdict was not supported by any material evidence. Applying the appropriate scope of

review, we are required to determine whether material evidence supported the verdict and in so doing, we are "required to take the strongest legitimate view of all of the evidence in favor of the verdict, to assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary." *Electric Power Board of Chattanooga v. St. Joseph Valley Structural Steel Corp.*, 691 S.W.2d 522, 526 (Tenn.1985).

A pedestrian has a duty "to exercise ordinary care for his own safety, to be measured by the situation confronting him; such care as the immediate circumstances of place and condition demand of an ordinarily prudent person and, whether the requirement of ordinary care has been met, is usually a question for the jury." *Zamora v. Shappley*, 27 Tenn.App. 768, 773, 173 S.W.2d 721, 723 (1941). This Court has also stated that the driver of an automobile has a duty to "keep a reasonably careful lookout for traffic, whether vehicular or pedestrian, 'commensurate with ... the nature of the location .. and to see all that comes within the radius of his line of vision, both in front and to the side.'" *Frady v. Smith*, 519 S.W.2d 584, 587 (Tenn. 1974) (citations omitted).

■ The testimony conflicted concerning whether or not the light was in the plaintiff's favor. Plaintiffs, Jo Blalock and her husband, and the children testified that the light was red for vehicular traffic when Jo and the children began to cross the intersection. However, other evidence indicated that the light was changing, or had just changed from red to green, for vehicular traffic when Jo Blalock and the children stepped off the sidewalk into the street. Testimony also conflicted concerning whether the plaintiff and the children were in the crosswalk. There was evidence that the wife and the children were walking between the cars waiting at the intersection rather than proceeding within the designated crosswalk. The jury has the duty to resolve conflicts in testimony. *See Karas v. Thorne*, 531 S.W.2d 315, 317 (Tenn. Ct.App.1975). After reviewing the record,

we believe material evidence supports the jury's verdict.

## ATTORNEY CONDUCT

■ The plaintiffs argue error occurred when the defense attorney alluded to plaintiffs' wealth and defendant's lower economic status, both in cross-examination and argument. While cross-examining plaintiff, the following exchange occurred:

Q. Mr. Blalock, if I am not mistaken, you are the president of Charles Blalock and Sons, Inc.?

A. That's correct.

Q. That is a company that operates out of Sevier County, specifically Sevierville, and you're in the road construction—highway and heavy construction—

A. That's correct.

In his jury argument, defense counsel commented:

MR. JOHNSON: ... And you know why he [Defendant] was acting irresponsibly? Because he was a 19–year–old kid. He was a 19–year–old kid and he was unemployed at the time this accident occurred. Three Hundred Thousand. His brother was unemployed at the time this accident occurred. Three Hundred Thousand. We're not talking loss—

. . . .

THE COURT: I think it is. It's not the issue, whether he can pay or not.

As this Court recently observed:

It is a recognized rule in this state that the trial court, in its sound discretion, shall determine what is proper argument in a particular case and the appellate courts will not review the action of the trial court except for palpable abuse of that discretion.

*Painter v. Toyo Kogyo of Japan*, 682 S.W.2d 944, 951 (Tenn.Ct.App.1984) (citations omitted). In this case, the trial judge did not abuse his discretion in allowing defense counsel's inquiry concerning plaintiff's business. The question was not asked "purely for the purpose of appealing to passion, prejudice and sentiment." *See J. Avery Bryan, Inc. v. Hubbard*, 32 Tenn. App. 648, 658, 225 S.W.2d 282, 287 (1949).

The reference in argument to defendant's employment status was clearly improper and arguably was an appeal for sympathy. However, defendant's employment status had been addressed earlier in the trial, and the jury was aware that he was employed at a local pizza parlor at the time of trial. In addition, the trial judge gave curative instructions after defense counsel's remark in his closing statement. We believe the trial judge acted properly, and that the argument did not "more probably than not affect[ ] the verdict." Tenn.R.App.P. 36(b) (1987).

## EXPERT WITNESS

■ Plaintiffs contend the testimony of defense witness, Professor Steven A. Richards (a civil engineer and accident reconstructionist from the University of Tennessee), was not of competent substance or weight, and he should not have been designated as an expert in the judge's charge to the jury. "[T]he Trial Judge has wide discretion in the matter of the qualifications of expert witnesses." *Stokes v. Leung*, 651 S.W.2d 704, 706 (Tenn.Ct.App.1982). In this case, Professor Richards was originally offered for his testimony concerning a blind spot or camouflaging which occurs when pedestrians cross in front of automobile headlights. The trial judge refused to allow Professor Richards to testify concerning this theory; however, he allowed him to testify concerning the reaction time for stopping a vehicle, based upon the speed of defendant's automobile at the time of impact and other factors. We find no error in the trial judge's decision to allow Richards to testify.

Plaintiffs also argue that Professor Richards' testimony was incompetent. Counsel for the defendant attempted to pose a hypothetical question to Professor Richards. Plaintiffs' counsel objected to the form of the question because of the "multiple assumptions" and "the duplicitous question at the end." The trial judge overruled the objection, allowing the witness to testify concerning reaction time, perception and reaction. As the Tennessee Supreme Court has recently observed:

[C]ounsel must be given some leeway in his choice of words in framing such questions and the matter is primarily one for the exercise of discretion by the trial judge. Moreover, the defendant had the opportunity to restate the hypothetical question on cross examination or frame other questions of his own to point out any deficiencies in the question posed by the plaintiff.

*Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn.1985) (quoting *Cortrim Mfg. Co. v. Smith*, 570 S.W.2d 854, 856 (Tenn. 1978)).

Finally, the judge's reference to Professor Richards as an expert is within the discretion of the trial judge, and is consistent with the definition of an expert witness as:

[One who is] particularly skilled, learned or experienced in a science, art, trade, business, profession or vocation, a thorough knowledge of which is not within the scope of the common knowledge and experience of the average person.

*Kinley v. Tennessee State Mut. Ins. Co.*, 620 S.W.2d 79, 81 (Tenn.1981). We find the trial judge did not abuse his discretion in allowing Professor Richards to be qualified as an expert under this definition.

## EVIDENCE

■ Plaintiffs contend a statement made by a witness while observing plaintiff and the children crossing the street was inadmissible hearsay. Witness Davis exclaimed to his wife: "Lord, the lady is going to get run over." Plaintiffs' counsel objected. The court overruled the objection. This statement qualifies as an excited utterance, an exception to the hearsay rule. The policy for allowing such an utterance is that the declarant is excited because of the startling event, and speaks soon enough thereafter to minimize conscious fabrication. *National Life & Accident Ins. Co. v. Follett*, 168 Tenn. 647, 663–65, 80 S.W.2d 92, 98–99 (1935). *See also* D. Paine, *Tennessee Law of Evidence* 76–77 (1974).

Plaintiffs' counsel raises other similar evidential issues which are without merit.

## JURY CHARGE

The plaintiffs argue that the jury charge should have included a charge verbally requested by the plaintiffs that the defendant had the burden of proving contributory negligence by a preponderance of the evidence. The judge denied the request, stating that it was within the general charge. The requested charge was not reduced to writing and is not in the record.

 "In reviewing a jury charge, an appellate court considers the charge as a whole in determining whether prejudicial error has been committed." *In re Estate of Elam*, 738 S.W.2d 169, 174 (Tenn.1987) (citations omitted). The presumption is that a jury understands the trial court's instructions and considers the instructions as a whole. The complaining party then has the burden to show otherwise. *Bass v. Barksdale*, 671 S.W.2d 476, 489 (Tenn.Ct. App.1984). After reviewing the charge as a whole, we find it fairly charged the jury on the issue of contributory negligence.

As to all of the errors charged, a jury verdict cannot be set aside unless, reviewing the record as a whole, the errors "more probably than not affected the judgment or ... result[ed] in prejudice to the judicial process." Tenn.R.App.P. 36(b) (1987). We find the alleged errors did not "more probably than not affect[] the judgment" rendered by the jury. We affirm the trial judge's denial of plaintiffs' motion for new trial. Costs of this appeal are taxed to the Appellants.

GODDARD and FRANKS, JJ., concur.