IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 23, 2004 Session

## LEROY MOSBY, ET AL. v. MEMPHIS AREA TRANSIT AUTHORITY, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. 305930-8 T.D.     D'Army Bailey, Judge**

_____

**No. W2003-00451-COA-R3-CV - Filed May 19, 2004**

_____

This case arises out of a motor vehicle accident, which resulted in the death of Deceased, a fare-paying passenger of a bus. Plaintiffs, Deceased's heirs, brought a wrongful death action against the driver of the Cadillac in the bus/car collision and Defendants, the driver of the bus and the Memphis Area Transit Authority. At the close of Plaintiffs' proof, the trial court granted Defendants' motion for involuntary dismissal pursuant to Rule 41.02(2) of the Tennessee Rules of Civil Procedure. For the reasons stated below, we affirm the decision of the trial court.

**Tenn. R. App. P. 3.; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Irwin I. Cantor, Memphis, TN, for Appellants

John M. Moore, Memphis, TN, for Appellees

**OPINION**

**Facts and Procedural History**

On the morning of October 22, 1999, Katie Lee Mosby ("Deceased" or "Mosby") paid the fare and boarded a bus operated by the Memphis Area Transit Authority ("MATA") and driven by Emmett E. Miller ("Miller" or collectively with MATA, "Defendants"), who held a commercial driver's license at the time. On that day, the weather was clear and the roads were dry. The bus traveled southbound on Millbranch Road, a five lane street, in the curb lane and headed downhill after a hill crest, where it approached a "T" intersection with Finley Road, a two lane street. Millbranch Road has a speed limit of 40 miles per hour and Finley Road has a speed limit of 35 miles per hour.

As the bus approached the intersection, Deon Matthews ("Matthews"), who did not have a driver's license at the time, was driving a Cadillac eastbound on Finley Road towards Millbranch Road. Matthews had borrowed the car from a family friend, Velbsy Campbell, and began to have difficulty with the brakes. When Matthews attempted to brake at the intersection of Finley and Millbranch, the brakes ceased to function and Matthews drove onto Millbranch Road, disregarding the stop sign on Finley Road. Matthews attempted to veer right on Millbranch Road to avoid the bus, but the bus collided with the Cadillac, hitting the car on the driver's side door. The Cadillac veered away from the bus after the impact and ran into a utility pole. Miller testified that when he saw the Cadillac, it was approximately forty-five feet away and that he was very close to the impact point when he realized a collision was imminent. The bus changed directions from south to southeast because, after checking his rear view mirror, Miller turned left just before the impact in an attempt to avoid a collision. In addition, Miller testified that he pressed on the bus's brakes. After the impact, the bus crossed over the other side of Millbranch Road, knocked over a utility pole, went through a wrought iron fence, and collided with a day care center where it came to rest.

During the accident, Mosby, who was seated behind Miller in the driver's seat, was thrown to the floor right next to Miller. Though the radio on the bus was inoperative, Miller was able to contact emergency services using his mobile phone. Mosby was taken for medical treatment to The Med, and was later found by her daughter, Bettie Jean Faulkner. Mosby, who exhibited facial expressions of pain though never regaining consciousness, was visited by her four children and remained at The Med until she died on October 31, 1999, from the injuries she sustained in the bus/car collision.

On December 14, 1999, Mosby's four children, Leroy Mosby, Joann Mosby Diffay, Clarence Mosby, and Bettie Jean Faulkner (collectively the "Plaintiffs"), filed a complaint against MATA, Miller, Matthews, and Velbsy Campbell, for the wrongful death of Mosby. Defendants answered, denying the allegations of negligence in Plaintiffs' complaint and praying the complaint be dismissed. Matthews, though served with Plaintiffs' complaint, never answered or appeared, and the trial court granted Plaintiffs' motion for default judgment against Matthews. Plaintiffs subsequently took a voluntary nonsuit for Matthews and Campbell and proceeded to trial against Defendants.[1] After hearing the Plaintiffs' proof, Defendants moved for directed verdict, which the trial court treated as a motion for involuntary dismissal pursuant to Tenn. R. Civ. P. 41.02(2), because the hearing was not before a jury. The trial court concluded the Plaintiffs failed to establish that the Defendants were guilty of any "proximate fault causing or contributing to the injuries and damages" of Deceased and entered a judgment in favor of Defendants. Plaintiffs appealed to this Court and present the following issues for our review:

I.      Whether the trial court erred when it excluded a portion of the MATA safety manager's accident report and discovery deposition wherein he concluded that Miller did not apply the bus's brakes; and

---

[1]      It is not clear why plaintiffs took a default judgment against Matthews on June 21, 2002, and later entered a voluntary non-suit on December 26, 2002.

II.    Whether the trial court erred when it granted Defendants' motion for dismissal based upon Plaintiffs' failure to establish a prima facie case of negligence on the part of the Defendants.

For the following reasons, we affirm the decision of the trial court.

## Standard of Review

When a trial court sits without a jury, we review its findings of fact *de novo* upon the record accompanied by a presumption of correctness for the finding, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We are mindful that a trial court has wide discretion in the matter of the qualifications of an expert witness and will not be reversed unless it abuses that discretion. *Blalock v. Claiborne*, 775 S.W.2d 363, 366 (Tenn. Ct. App. 1989) (quoting *Stokes v. Leung*, 651 S.W.2d 704, 706 (Tenn. Ct. App. 1982)); *see also Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 443-44 (Tenn. 1992). For questions of whether or not a trial court should have allowed or excluded evidence pursuant to the rules of evidence concerning hearsay, we review such questions *de novo* with no presumption of correctness. *Russell v. Crutchfield*, 988 S.W.2d 168, 170 (Tenn. Ct. App. 1998) (citing *City of Tullahoma v. Bedford County*, 938 S.W.2d 408 (Tenn. 1997)). In addition, "in the case of a motion for involuntary dismissal pursuant to Tenn. R. Civ. P. 41.02(2), the trial court must impartially weigh and evaluate the evidence as it would after the presentation of all the evidence and must deny the motion if the plaintiff has made out a prima facie case." *Smith v. Inman Realty Co.*, 846 S.W.2d 819, 822 (Tenn. Ct. App. 1992) (citing *City of Columbia v. C.F.W. Constr. Co.*, 557 S.W.2d 734, 740 (Tenn. 1977)). Therefore, when we review the trial court's ruling on Defendants' motion for involuntary dismissal, "we need only determine whether the evidence makes out a prima facie case of liability on [the Plaintiffs'] part." *Id*.

## Expert Witness Qualifications

Plaintiffs argue that the trial court erred when it refused to allow into evidence the conclusion of MATA's safety manager, Judd Killebrew ("Killebrew"), either in his accident report or deposition, that Miller never applied the brakes of the bus. Specifically, Plaintiffs argue that such statements constitute an exception to the hearsay rule pursuant to Tenn. R. Evid. 803 (1.2) as an admission by a party opponent. Such rule allows the admission of statements offered against the party that is "a statement by a person authorized by the party to make a statement concerning the subject." Tenn. R. Evid. 803 (1.2). In addition, the rule provides that "[a]n admission is not excluded merely because the statement is in the form of an opinion." Tenn. R. Evid. 803 (1.2). Plaintiffs argue that, because Killebrew is an agent for MATA, his statement that Miller never applied his brakes should have been admitted into evidence. Plaintiffs have incorrectly argued this issue.

The trial court determined that Killebrew's conclusion about Miller's failure to apply his brakes was inadmissible, not because it did not fall within an exception to the hearsay rule, but because Killebrew was not qualified to make such a conclusion as there was no foundation to establish Killebrew's expertise in the field of accident reconstruction. As this Court has noted

before, "[n]o assertion of a party, if offered in evidence by a party-opponent, may be excluded as hearsay. *It may be excluded on the ground that it is irrelevant, or privileged, or for many other reasons,* but never because it is hearsay." *Curtis v. Van Dusen*, 723 S.W.2d 648, 650 (Tenn. Ct. App. 1986) (quoting David F. Binder, Hearsay Handbook (2nd ed. 1983)) (emphasis added). In addition, Rule 803 states, before enumerating numerous exceptions, that "[t]he following are not excluded *by the hearsay rule*. . . ." Tenn. R. Evid. 803 (emphasis added). Though Killebrew's conclusion may not be excluded on the basis that it is hearsay, it may still be excluded on the basis that Killebrew was not qualified in the field of accident reconstruction to make such a conclusion. Therefore, we must determine whether the trial court abused its discretion when it determined that Killebrew was not qualified as an expert in the area of accident reconstruction to make such a conclusion.

In this case, at the time of trial, Killebrew had been an employee with MATA for over twenty-seven years, he held his commercial driver's license, and he had been the safety manager for MATA for over three years, beginning in July 1999. However, he had completed only one training course before the accident on October 22, 1999, and had taken a total of only three, forty-hour training courses by the time of trial. Though Killebrew admitted that he had little training in accident reconstruction, he concluded that the tire marks made by the bus were not skid marks and indicated that Miller never applied the bus's brakes. We cannot say that the trial court abused its discretion when it refused to admit Killebrew's conclusions and opinions about the accident on the basis that Killebrew was not a qualified expert in the field of accident reconstruction. Therefore, we affirm the trial court's ruling on this issue.

### Involuntary Dismissal

Though Defendants moved for a directed verdict after the Plaintiffs' proof, the trial court correctly treated Defendants' motion as a motion for involuntary dismissal under Tenn. R. Civ. P. 41.02(2). As stated above, when such motion is made, the trial court must weigh and evaluate the Plaintiffs' evidence and determine if the Plaintiffs established a prima facie case. *Inman Realty Co.*, 846 S.W.2d at 822 (citing *C.F.W. Constr. Co.*, 557 S.W.2d at 740). After hearing the parties' arguments on the motion, it appears the trial court dismissed Plaintiffs' action against Defendants for a lack of evidence that Defendants were the proximate cause of Deceased's death. After our review of the record, we agree that the Plaintiffs failed to establish a prima facie case of negligence on the part of the Defendants.

To establish an action for negligence, a complainant must prove the following elements: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care resulting in a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation. *McClenahan v. Cooley*, 806 S.W.2d 767, 774 (Tenn. 1991) (citing *Lindsey v. Miami Dev. Corp.*, 689 S.W.2d 856, 858 (Tenn. 1985); *Shouse v. Otis*, 448 S.W.2d 673 (Tenn. 1969); *Ruth v. Ruth*, 372 S.W.2d 285 (Tenn. 1963)); *Anthony v. Holland*, No. W2001-00745-COA-R3-CV, 2001 Tenn. App. LEXIS 900, at *4-5 (Tenn. Ct. App. Nov. 29, 2001) (citing *Waste Mgmt. Inc. of Tenn.*

*v. S. Cent. Bell Tel. Co.*, 15 S.W.3d 425, 430 (Tenn. Ct. App. 1997)). "In Tennessee, proximate cause has been described as that act or omission which immediately causes or fails to prevent the injury; an act or omission occurring or concurring with another which, if it had not happened, the injury would not have been inflicted." *Tenn. Trailways, Inc. v. Ervin*, 438 S.W.2d 733, 735 (Tenn. 1969) (citing *Deming & Co. v. Merchants' Cotton-Press & Storage Co.*, 17 S.W. 89 (Tenn. 1891); *Southeastern Greyhound Lines, Inc. v. Groves*, 136 S.W.2d 512 (Tenn. 1940)). We note that neither the violation of a statute nor a breach of duty by a common carrier to a fare-paying passenger is of any consequence unless a defendant's acts are shown to be the proximate cause of the injury sustained. *Garrett v. McConkey*, 466 S.W.2d 498, 501 (Tenn. Ct. App. 1970) (citing *Tenn. Trailways, Inc v. Ervin*, 438 S.W.2d 733 (Tenn. 1969); *Biggert v. Memphis Power & Light Co.*, 80 S.W.2d 90 (Tenn. 1935)).

In this case, the Plaintiffs put on little proof of how fast the bus was traveling at the point of collision. The only testimony in the record offered to show the speed of the bus was the testimony of Matthews, who stated that the bus was traveling approximately fifty miles per hour. As the trial court below noted, no scientific or expert testimony was presented to determine how fast the bus was traveling. In addition, the trial court seemed to question Matthews' credibility given that, in his original statement to the police, Matthews stated he was not the driver of the Cadillac. We note that:

> Where the trial judge has seen and heard witnesses, especially where issues of credibility and weight of oral testimony are involved, on review considerable deference must still be accorded to those circumstances. Where the issue for decision depends on the determination of the credibility of witnesses, the trial court is the best judge of the credibility and its findings of credibility are entitled to great weight. This is true because the trial court alone has the opportunity to observe the appearance and demeanor of witnesses.

*Payne v. City of Memphis*, 1993 Tenn. App. LEXIS 755, at *7-8 (Tenn. Ct. App. Dec. 9, 1993) (quoting *Tenn-Tex Props. v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 425 (Tenn. 1989)); *see also McCaleb v. Saturn Corp.*, 910 S.W.2d 412, 415 (Tenn. 1995).

Next, Miller testified that, when he saw the Cadillac at the intersection and knew a collision was imminent, he removed his foot from the accelerator and pressed on the brake pedal. He also stated that he swerved to the left in order to avoid an impact. Given our disposition of the first issue that the trial court was correct when it excluded the conclusions of Killebrew concerning whether Miller pressed on the bus' brakes, the only evidence that Plaintiffs offered that Miller did not press on the brakes was Miller's statement to the police that he swerved to the left. Plaintiffs argue that the absence of any positive statement establishes that Miller did not press the brakes to avoid an impact with the Cadillac. Even if the Plaintiffs had effectively established that Miller never pressed the brakes, there was no expert testimony offered by Plaintiffs to suggest that pressing the brakes would have prevented Deceased from sustaining any injuries. In addition, one of the passengers of the bus testified that, prior to the collision with the Cadillac, there was no indication that Miller was operating the bus in an unsafe manner.

Finally, the testimony established that Matthews was driving the Cadillac on Finley Road and that he lost control of his car when the brakes ceased to function. This resulted in the Cadillac running through a stop sign and colliding with the MATA bus, sending the bus through a utility pole, a wrought iron fence, and into the side of a day care center. Given the circumstances of this case, we cannot say that the trial court erred when it weighed and evaluated the evidence and determined that the Plaintiffs failed to establish a prima facie case for negligence based on a lack of proximate cause. Therefore, we affirm the decision of the trial court granting Defendants' motion for involuntary dismissal.

## Conclusion

For the foregoing reasons, we affirm the decision of the trial court. Costs of this appeal are taxed to Appellants, Leroy Mosby, Joann Mosby Diffay, Clarence Mosby, and Bettie Jean Faulkner, and their surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE